HERNÁNDEZ ET AL, PLAINTIFFS AND APPELLEES, *v.* HERNÁNDEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action of Revendication.

No. 2781.—Decided April 2, 1923.

REVENDICATION—PLEADING—PRESCRIPTION—THIRD PERSON—APPEAL. — In an action of revendication the defenses of prescription and third person must be specifically pleaded and can not be raised for the first time on appeal.

ID.—ID.—APPEAL.—A judgment of filiation which the plaintiffs offered in evidence in an action of revendication to establish their condition of heirs can not be attacked for the first time on appeal.

ID.—ID.—ID.—CONSENT—ESTOPPEL.—Generally when the record shows that the parties joined issue on the facts and that the objecting party acted at the trial as if the questions had been duly raised by the pleadings, the Supreme Court will not insist on the existence of averments either in the complaint or in the answer. However, when there is no sign of consent by the opposite party or an estoppel against him, an appellant can not raise for the first time on appeal questions which should have been set up in the pleadings.

ID.—HEIRSHIP—FILIATION.—A judgment of filiation establishes heirship.

The facts are stated in the opinion.

*Messrs. C. Travecier* and *C. B. Buitrago* for the appellants.

*Messrs. F. González* and *A. López* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Sandalio and Jesús Hernández Reyes were the complainants in this case. They alleged that they were the acknowledged natural children of Ramón Hernández Ríos and they set up that their said father at the time of his death left four acknowledged natural children, all of whom were entitled to the land which is the object of the suit in revendication. The two other natural acknowledged children were named Carmen and Josefa. It is alleged that Carmen sold her hereditary shares to Juan Pedro y Gómez so that the latter and Josefa Hernández Reyes are the defendants in the suit. The complaint contains a due averment that the defendants are withholding the possession.

The answer, dated July 23, 1921, denied conjunctively some of the foregoing facts and set up positively that in a partition proceeding initiated by the mother of Carmen and Josefa, specific segregated portions of land were adjudicated to each of the daughters and that on the 28th day of July, 1911, Josefa sold her segregated portion, sixteen acres, to the defendant Juan Pedro Gómez; that Juan Pedro Gómez had recorded his title in the registry of property more than six years before. The answer made no averment and set up no facts purporting to show a prescriptive title in the defendant Juan Pedro Gómez. The answer likewise contained no averment and presented no facts tending to show the defense of being a third person, nor does the answer aver the acquisition of title by Juan Pedro Gómez from any one with a recorded title, but merely as we have shown that the said Juan Pedro Gómez had recorded his title. Nor is this apparently even a case where these defenses were raised at the trial. Neither in the statement of the case nor in the opinion of the court is there any

indication of such defenses, but at the trial other and distinct defenses were raised. There was a judgment for complainants.

The defense of prescription is special and must be alleged. *Torres* v. *Torres,* 29 P. R. R. 849. We doubt, in the absence of averment or amendment at the trial whether such a defense could ever be successfully raised or a judgment supported. Certainly such a defense cannot be raised for the first time on appeal as appellant attempts to do in his third assignment of error. Appellees also show that the answer showed a period of possession of less than ten years. The defendant acquired the property on July 23, 1911. The complaint was filed on March 6, 1921.

Similarly the defense of being a third person must be specifically raised (*Torres* v. *Torres, supra*) and not presented for the first time on appeal, as appellant attempts to do in his second assignment of error.

The first assignment was that the court erred in finding that the complainants had proven their condition of abintestato heirs of Ramón Hernández Ríos. This is not a very specific assignment of error, considering the wide range of discussion that the appellant takes, including a collateral attack on the judgment in another suit whereby complainants proved or offered to prove their status as acknowledged natural children.

The assignment of error should have been in this wise:

"The court erred in holding that the judgment, naming it, sufficiently proved the status of complainants as natural acknowledged children of Ramón Hernández Ríos."

But even if the record showed that such an attack was made on the judgment of filiation offered in evidence, we should question, if not hold, that the judgment in filiation, not void on its face, cannot be attacked collaterally for alleged defects, like the sufficiency of the complaint or the

proof, but only for defects going to the jurisdiction or the like. As it was there was no objection to the judgment as evidence. On the contrary, over objection of complainants the court admitted the whole record in this case, in which complainants were only offering the judgment in evidence. The appellees are justified in saying that an attack on the filiation judgment cannot be presented in this way for the first time on appeal.

It is true that in the court below appellants questioned the sufficiency of the filiation suit to prove the filiation. The court very properly held that such a defense would have been proper in the filiation suit itself wherein Josefa Hernández Ríos herself intervened, but not in the present one. The court however was not considering the question of the attack on the judgment, but was going to the essence.

In general where this court can clearly see that the parties have joined issue over facts and the objecting party had acted at the trial as if questions had been duly raised by the pleadings, we shall not insist too strongly on the existence of averment in either complaint or answer. Where, however, there is no sign of consent by the opposite party or an estoppel against him, an appellant cannot first raise questions on appeal which he should have presented in the pleadings.

To penetrate a little further into this uncharted sea. The appellants say that they denied for lack of information that complainants had the condition of natural acknowledged children of their alleged father and their rights to the property. The appellees answer this synthetically. To prove their status they presented the judgment of the District Court of Humacao dated February 12, 1913, whereby that court declared that Jesús and Sandalio Hernández Reyes were the natural acknowledged children of Ramón Hernández Ríos. The property, the death of the ancestor and other matters were admitted by the answer.

The appellants seem to think that a mere judgment of filiation does not establish heirship, but this is a question that was raised, considered and decided adversely to their contention in *Méndez* v. *Martínez*, 26 P. R. R. 87.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.